The opinion was delivered at the May term, 1851.
Dewey, J.
This case has already been settled by this court, upon the issues originally raised between the parties, and, as was supposed by us, nothing was left for further consideration, except the question of costs.
The plaintiff filed his bill to redeem a mortgage made by Brown to Presby dated May 4th, 1836, of eight acres of land, the interest in which mortgage had become vested in the defendant. The plaintiff’s right to redeem was alleged to arise:
■— 1st, From his holding a subsequent mortgage of the same estate, dated April 21st, 1838, of the entire lot; 2d, As the assignee of a mortgage of one acre * of the eight, dated July *553 12th, 1841. The plaintiff had tendered $735, and had demanded an account.
The defendant set up, in answer, a second mortgage of November 19th, 1841, to Presby, of seven acres of the premises, and which had been assigned to him, and alleged a judgment for foreclosure and,three years’ possession under the same. The question was then raised as to the priority of the respective mortgages of the plaintiff, and of that of the defendant, of the 19th of November, 1841.
The court held, under the finding of the jury, that the defendant’s mortgage of the 19th of November, 1841, was entitled to priority over the plaintiff’s mortgage of 1838 ; and, of course, whatever rights the defendant had acquired under that mortgage could not be disturbed by any priority in the plaintiff under his mortgage of 1838.
This decision would have brought the case to the precise question which has now been more fully discussed in the written arguments of the counsel; but for the reason, that the plaintiff had taken, as tenant in common jointly with Buck, an assignment of the mortgage of one acre, which was made on the 12th of July, 1841, and which was prior to the defendant’s second mortgage, and also embraced land not included in the defendant’s second mortgage.
It was somewhat questionable, whether the plaintiff, as joint assignee, could rely upon this mortgage to support a bill to redeem filed by him alone. But the court held that he might. The consequence of the plaintiff’s holding this mortgage of one acre was, that he was entitled to redeem the first mortgage to Presby on paying the amount due thereon.
The case, however, was one of embarrassment and difficulty for the plaintiff, inasmuch as he could only redeem by paying the whole amount due on the first mortgage, as the mortgagee was not by law bound to accept a proportional part from the plaintiff. It was then urged, that upon the principles of the case of Gibson v. Crehore, 3 Pick. 475, the plaintiff, upon paying the whole sum due on the first mortgage, might be put into possession of the entire land mortgaged, to hold the same until from the proceeds thereof, he should be indemnified for *554 the excess he had paid over his proportional share; he having an interest to redeem one acre, and the defendant as second mortgagee having an interest to redeem seven acres. The court adopted the principle as prayed for by the plaintiff; and such will be the order, unless the parties agree to apportion the amount to be paid by each, or what is equivalent, that Squire the defendant, being the party who is to receive the money, shall abate from the amount due on the mortgage, the proportion that his seven acres ought to pay towards redeeming the same; and this we understand is now assented to by the defendant. The value of the interest of each, for the estimate of the pro rata sum, it would seem proper, should be taken at the time when the payment was required to be made to redeem, as each ought then to have contributed to the redemption. The filing of the bill was within four days of that time It may be taken as of the 15th of January, 1846, which is substantially the same as the date of the filing of the bill.
This done, the first mortgage is redeemed; this incumbrance is wholly removed; it is paid pro rata by the parties benefited; and the object of the bill, seeking to redeem the first mortgage, would seem to be satisfied. But the plaintiff further insists, that leaving Stewart’s mortgage out of the case, he has a right to redeem the first mortgage by force of his mortgage of 1838, because it embraces the entire eight acres, and the defendant’s mortgage only seven acres; and that the plaintiff therefore has a full right to redeem the first mortgage by virtue of the mortgage of 1838. Be it so; how does it aid the plaintiff?
How is his right any better to redeem, under the mortgage of 1838, than under Stewart’s mortgage ? Either gives the plaintiff all the rights he wishes as to one acre; but neither relieves him from the effects of a foreclosure as to the seven acres, if such foreclosure has taken place; the Stewart mortgage, because it does not embrace the seven acres, and the mortgage of 1838 because the defendant’s mortgage is to be taken as a prior mortgage, with all the incidents of a prior mortgage ; and, if foreclosed, then not redeemable by a junior mortgage.
*555 Looking at the practical effect resulting from the redemption of the first mortgage merely, the plaintiff is apprehensive that it will leave him remediless as to the seven acres, in reference to his subsequent mortgage; which, taking effect after the defendant’s second mortgage, was yet good and sufficient to authorize him to redeem as against the defendant’s second mortgage; and this is certainly so, and the plaintiffs might have redeemed the second mortgage of the defendant, and thereby saved his lien upon the seven acres, if they were of any value beyond the defendant’s mortgage. But can he move in that matter under this bill ? The defendant says he cannot. What does the bill seek ? Solely to redeem the first mortgage of 1836; the plaintiff’s tender was solely to redeem that mortgage ; the amount was asked for that purpose; and the plaintiff, throughout his bill and the subsequent proceedings, up to the time of the judgment of the court as to the matter in issue concerning the two mortgages, insisted that the defendant had no priority, and that he had no occasion to redeem,
The plaintiff, however, now insists, that from the very nature of his bill and the subject-matter embraced in it, all other incumbrances and liens held by the defendant and set up by him are before the court, and to be dealt with as though originally introduced into the bill by the plaintiff. It is said, that while the first mortgage existed, it was paramount to all other subsequent liens, and that no rights could be acquired by a second mortgagee, by an entry for foreclosure and three years’ possession ; and that especially after this bill was filed, the possession was suspended, and so no three years’ adverse possession under the entry of the defendant has taken place. All this is so, as respects the first mortgage ; and no entry and possession for foreclosure could defeat that mortgage.
But, as respects a later mortgage, it may be otherwise. If such entry has taken place, and three years’ possession followed, it may bar all subsequent mortgages or farther equities of redemption.
But that question does not necessarily arise here and upon this bill. The plaintiff only sought to redeem the first mort *556 gage, and his tender, if sufficient, or his demanding an account and filing a bill, had no effect beyond the subject-matter of the tender and bill. They might suspend the foreclosure, by the plaintiff’s offering to pay the mortgage, and asking to ascertain the amount due for that purpose; and it is because the plaintiff’ offers to pay that mortgage, that filing his bill suspends the foreclosure.
But no such offer to pay the second mortgage was made, and no bill to that effect filed within the three years. Certainly, if the plaintiff had offered to redeem the second mortgage by this bill, then it would, as to that mortgage, have had the effect to suspend the foreclosure. But it did not comport with the plaintiff’s apparent interest, so to deal with the second mortgage. He denied the defendant’s priority. He neither tendered nor offered to pay the second mortgage in his bill. He knew very well, or might have known, that judgment had been rendered on this mortgage, and possession delivered, and that the three years would expire on the 16th of January, 1846. Having made his election to deny the priority of that mortgage, he must take the result with its consequences. The case is no worse for him, than it would have been if there had been no such mortgage as that of 1836.
" Suppose the plaintiff had his mortgage of 1838 and the defendant his of 1841, and these had been the only mortgages ; and that the plaintiff had disputed the defendant’s priority, and had made no tender nor filed a bill offering to redeem the mortgage of 1841, as he certainly would not have done; the plaintiff’s case would have been equally embarrassing, as it is now. The real embarrassment is, that the jury found against the plaintiff, on an issue which he assumed that they would find in his favor.
The court are of opinion, that under this bill we cannot make any decree, as to the redemption of the defendant’s second mortgage. We have considered the argument of the plaintiff’s counsel upon that point, particularly the position, that this case was in a court of equity, and that the postponement of the plaintiff’s second mortgage was merely because equity required it; and hence it was argued, the court would *557 see that no injustice is done to the plaintiff by such post ponement, beyond giving the defendant adequate security foi the money due on his second mortgage. But the answer tc all this is, that the same rule of postponing the plaintiff’s second mortgage would have been held at law. Estoppels in pais are effectual in courts of law as well as in courts oí equity. The finding of the jury has placed the defendant's second mortgage as the prior mortgage, and all the conse quences incident to it must follow, for aught we can perceive.
The further inquiry here is, whether the plaintiff can be allowed at this stage of the proceedings to amend his bill, so as to make it a bill to redeem the defendant’s second mortgage.
This motion comes at a very late stage of the proceedings in this case. The plaintiff forbore to tender any thing on the second mortgage ; forbore to offer in his bill to redeem it; and forbore to ask an amendment upon the coming in of the defendant’s answer, setting up this mortgage and his entry for foreclosure; relying rather upon his legal rights to defeat it wholly. Having made his election so deliberately and understandingly, and having put his case upon that issue, the plaintiff has no peculiarly strong claims for the allowance of an amendment changing the whole features of his bill. The effect of an amendment, so far as respects the second mortgage of the defendant, would be to make a new bill. It would be an offer to redeem, first made some three or four years after the foreclosure had been perfected by the lapse of three years, if it is so at all. If the second mortgage has not been so foreclosed, then the plaintiff may file a bill offering to redeem it, which is all we could grant by the proposed amendment.
Upon the whole matter, the court are of opinion, that there can be no decree as to the redemption of the second mortgage of the defendants; that this bill merely asks to redeem the first mortgage, and that may be done in the manner already stated.
The plaintiff cannot claim costs on the ground of his tender ; he having tendered but $735, when, according to the report of the auditor, the sum of $766.47 was due ; and if the case stood here, the defendant would be entitled to costs, *558 But the plaintiff relies upon another ground, to maintain his claim for costs, namely, that the defendant, when called upon, rendered an untrue account of the money due on his mortgage. The Rev. Sts. c. 107, § 19, provide, that where the suit is brought without a previous tender, the plaintiff shall pay costs to the defendant, unless it shall appear, that the defendant has unreasonably neglected or refused, when requested, to render a just and true account of the money due on the mortgage, &c., and that in all other cases, the court may, in their discretion, award costs to either party, as equity shall require. In the present case, the defendant, on the 9th of January, 1846, stated the amount due to be §898.40 ; but the auditor found due only the sum of §766.67; making a difference of §131.70, between the true account, and that stated.
On the matter of costs, the decision of the court is, that the defendant recover costs of the plaintiff for the term at which the issues were tried before the jury, and for the succeeding law term, and no more; and that the fees of the auditor be paid equally by the parties, and if the plaintiff has already paid the same, one half of the amount so paid is to be deducted from the defendant’s costs, as above allowed.

Decree accordingly.

 In the report of the case in 12 Met. 494, the quantity of land embraced in this, and in the defendant’s second mortgage, respectively, is not mentioned.